UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMIE ANTONIO BROWN, | ) No. CV 10-09408-VAP (VBK) |
| Petitioner, | ) ORDER SUMMARILY DISMISSING |
| | ) PETITION FOR WRIT OF HABEAS |
| v. | ) CORPUS FOR LACK OF SUBJECT |
| | ) MATTER JURISDICTION |
| C. A. TERHUNE, et al., | ) |
| Respondents. | ) |

On December 8, 2010, Jamie Antonio Brown (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254. Petitioner was convicted by a jury in Los Angeles County Superior Court in August of 1999 and was sentenced to state prison for a term of "25 years to life, plus 50 years to life". (See Petition at 2.) Petitioner has raised the following claims in the within petition: "(1) Violation of Sixth Amendment Confrontation Clause rights; (2) false evidence presented by the prosecution; and (3) violation of the U.S. Supreme Court's new strict ruling on Miranda[1] right to remain silent as of February 24, 2010 and the

---

1   Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

1   Edwards[2] rule of 1981." (See Petition at 5-6; attached pages.)

2   It appears from the face of the Petition that it is directed to the same 1999 Los Angeles County Superior Court conviction as prior habeas petitions filed by Petitioner in this Court on March 11, 2002, in Case No. CV 02-02032-NM (Mc) and on June 13, 2002, in Case No. CV 02-04644-NM (Mc).[3] On September 8, 2003, Judgment was

---

[2]   Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1980 (1981).

[3]   The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On March 11, 2002, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 02-02032-NM (Mc) . In this Petition, Petitioner raised the following claims: "(1) Calvin Herring's unreliable testimony provided insufficient evidence of the identity of the shooter; (2) the record contains insufficient evidence that a rash, sudden and motiveless killing occurred after premeditation or deliberation; (3) the trial court improperly admitted testimony concerning an uncharged prior act which 'influenced the jury in an otherwise close case;' (4) the admission of prior act evidence deprived me of my due process of law it was no permissible [sic] inferences the jury could draw from the evidence and it's sole impermissible purpose to prove [sic] a case of other acts; (5) the trial court improperly admitted 'emotional and inflammatory' gang evidence; (6) the Petitioner's trial counsel provided ineffective assistance of counsel when she: (a) failed to move to redact tape recordings to remove 'unadopted, inadmissible and prejudicial material,' and (b) 'voluntarily asked the gang expert[] to inspect [the Petitioner's] tattoo, resulting in unobjected to testimony that one tattoo showed [the Petitioner] had killed previously; (7) the cumulative effect of 'the prior act evidence, gang expert evidence, inflammatory statement by police during [the Petitioner's] interrogation and statements that [the Petitioner] had a tattoo showing he had once killed another gang member' deprived the Petitioner of a fundamentally fair trial and due process."
    On June 13, 2002, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of California, which was given Case No. CV 02-04644-NM (Mc). In this petition, Petitioner attacked the same conviction as the present Petition. On February 6, 2003, the Court ordered the Petitioner to show cause why the Court should not dismiss Case No. CV 02-04644-VAP (Mc) as duplicative. On April 8, 2003, the Court

2

entered in Case No. CV 02-02032-NM (Mc), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--
>
> (2) (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

issued a Report and Recommendation of United States Magistrate Judge recommending that the Petition be dismissed as duplicative. On May 14, 2003, Judgment was entered dismissing the Petition as duplicative.

>     (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>." (Emphasis added.)

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. §2244(b). Thus, it was incumbent on Petitioner under §2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 19, 2011   _____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE


Presented this 13th day of January, 2011 by:

       /s/
_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4